**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SUSAN COMPETELLO, on behalf of herself
and all others similarly situated,

               Plaintiffs,

    v.

ZELA INTERNATIONAL, LLC d/b/a MODE
COSMETICS,

               Defendant.

Case No.
1:24-cv-04421

---

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS**


**BARCLAY DAMON LLP**
*Attorneys for Defendant*
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202


**ROBERT J. THORPE**
**ROSS M. GREENKY**
    *Of Counsel*

## <u>TABLE OF CONTENTS</u>

**Page(s)**

PRELIMINARY STATEMENT ............................................................................................. 1

STATEMENT OF RELEVANT FACTS ............................................................................... 2

STANDARD OF REVIEW ................................................................................................... 2

ARGUMENT ......................................................................................................................... 4

    I.      PLAINTIFF'S CLAIMS ARE MOOT ............................................................ 4

    II.     PLAINTIFF LACKS STANDINGAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ...................................................... 6

        A.   Plaintiff's alleged injury is not concrete and particularized ................................. 7

        B.   Plaintiff failed to adequately plead a real and immediate threat of future injury ... 9

           1.  A plausibility determination is appropriate at this stage................................. 9

           2.  Plaintiff failed to plausibly plead an intent to return to the Website ............... 11

        C.   Alternatively, the Court should allow discovery on the standing issue and, if necessary, hold an evidentiary hearing ................................................. 16

    III.    PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ...................................... 18

        A.   Plaintiff fails to state a claim under a reasonable accommodation theory............ 18

        B.   Plaintiff fails to state a claim under a disparate treatment theory......................... 19

        C.   Plaintiff fails to state a claim under a disparate impact theory ............................ 20

    IV.    PUBLIC POLICY WARRANTS DISMISSAL ......................................... 21

CONCLUSION...................................................................................................................... 22

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Access 4 All, Inc. v. Thirty E. 30th St., LLC*,
　2006 U.S. Dist. LEXIS 96742 (S.D.N.Y. Dec. 11, 2005) ...................................................6, 21

*Aliev v. United States Postal Serv.*,
　2020 U.S. Dist. LEXIS 73063 (W.D.N.Y. April 23, 2020) ......................................................3

*Bacon v. Walgreen Co.*,
　91 F. Supp. 3d 446 (E.D.N.Y. 2015) .......................................................................................5

*Bernstein v. City of New York*,
　621 Fed. Appx. 56 (2d Cir. 2015) ............................................................................................3

*Bockus v. Maple Pro, Inc.*,
　850 F. App'x 48 (2d Cir. 2021) ................................................................................................9

*Buday v. N.Y. Yankees P'ship*,
　486 F. Appx. 894 (2d Cir. 2012) ..............................................................................................3

*Calcano v. Swarovski N. America Ltd.*,
　36 F.4th 68 (2d Cir. 2022) ............................................................................................ *passim*

*Camacho v. Vanderbilt Univ.*,
　2019 U.S. Dist. LEXIS 209202 (S.D.N.Y. Dec. 4, 2019) .......................................................3

*Campbell v. Greisberger*,
　80 F.3d 703 (2d Cir. 1996)....................................................................................................5, 6

*Castillo v. Hudson Theatre, LLC*,
　412 F. Supp. 3d 447 (S.D.N.Y. 2019).....................................................................................18

*City of New York v. Maul*,
　14 N.Y.3d 499 (2010) ...............................................................................................................5

*Dawkins v. Schott NYC Corp.*,
　2023 U.S. Dist. LEXIS 171967 (E.D.N.Y. Sept. 26, 2023).........................................12, 14, 15

*Ellis v. Cohen & Slamowitz, LLP*,
　701 F. Supp. 2d 215 (N.D.N.Y. Mar. 26, 2010) ......................................................................3

*Feliz v. IHealth Labs Inc.*,
　2024 U.S. Dist. LEXIS 16296, (S.D.N.Y. Jan. 30, 2024...................................................13, 14

*Fontanez v. Valley Lahvosh Baking Co.*,
    2023 U.S. Dist. LEXIS 149437, (S.D.N.Y. Aug. 22, 2023) ......................................11, 15, 16

*Foutnain v. Karim*,
    838 F.3d 129 (2d Cir. 2016)....................................................................................17

*Genesis Healthcare Corp. v. Symczyk*,
    569 U.S. 66 (2013)..................................................................................................5, 6

*Jaquez v. Aqua Carpatica USA, Inc.*,
    2021 U.S. Dist. LEXIS 157918 (S.D.N.Y. Aug. 20, 2021) ....................................7, 9

*Kreisler v. Second Ave. Diner Corp*,
    731 F.3d 184 (2d Cir. 2013)......................................................................................7

*Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*,
    969 F.2d 1384 (2d Cir. 1992)....................................................................................2

*Loadholt v. Oriental-Decor.Com Inc.*,
    2024 U.S. Dist. LEXIS 2293 (S.D.N.Y. Jan. 4, 2024)....................................*passim*

*Maddy v. Life Time, Inc.*,
    2023 U.S. Dist. LEXIS 115503 (S.D.N.Y. July 5, 2023) ......................................17

*Makarova v. United States*,
    201 F.3d 110 (2d Cir. 2000)....................................................................................2, 3

*Martin v. Second Story Promotions, Inc.*,
    2024 U.S. Dist. LEXIS 32639 (S.D.N.Y. Feb. 26, 2024 ......................................14

*Mercedes v. Broadway Play Publ'g, Inc.*,
    2024 U.S. Dist. LEXIS 94508 (S.D.N.Y. May 28, 2024) ......................................17

*Mendez v. Apple Inc.*,
    2019 U.S. Dist. LEXIS 110640 (S.D.N.Y. Mar. 28, 2019) ...................................7, 8

*Nat'l Org. for Women, Inc. v. Scheidler*,
    510 U.S. 249 (1994)..................................................................................................6

*Pimentel v. Citibank, N.A.*,
    29 A.D.3d 141 (1st Dep't 2006) ..............................................................................18

*Rendon v. Berry Glob. Inc.*,
    2023 U.S. Dist. LEXIS 93809 (S.D.N.Y. May 30, 2023).......................................12

*Rizzi v. Hilton Domestic Operating Co.*,
    2020 U.S. Dist. LEXIS 144884 (E.D.N.Y. Aug. 11, 2020)..............................5, 7, 9

*Roberman v. Alamo Drafthouse Cinemas Holdings,*
  2020 NYLJ LEXIS 215, *10 (Sup. Ct. Kings Cnty. Jan. 20, 2020) ......................................20

*Rodriguez v. Bitchin' Inc.,*
  *2024 N.Y. Misc. LEXIS 2043 (Sup. Ct. N.Y. Cnty. May 3, 2024)* .............................18, 19, 20

*Roman v. McKoy,*
  2020 U.S. Dist. LEXIS 108847 (W.D.N.Y. June 22, 2020).......................................................3

*Shaywitz v. Am. Bd. of Psychiatry & Neurology,*
  848 F. Supp. 2d 460 (S.D.N.Y. 2012).................................................................................18

*Shipping Fin. Servs. Corps. v. Drakos,*
  140 F.3d 129 (2d Cir. 1998)..................................................................................................2

*Sullivan v. Bdg Media,*
  71 Misc. 3d 863 (Sup. Ct. N.Y. Cnty. 2021) .......................................................................18

*Sullivan v. Study.com LLC,*
  2019 U.S. Dist. LEXIS 47073 (S.D.N.Y. Mar. 21, 2019) ...........................................3, 18, 19

*Tavarez v. Moo Organic Chocolates,*
  2023 U.S. Dist. LEXIS 115503, (S.D.N.Y. July 5, 2023) ....................................................17

*Tavarez-Vargas v. Annie's Publ'g, LLC,*
  2023 U.S. Dist. LEXIS 42955 (S.D.N.Y. March 14, 2023) ..................................................16

*Toro v. Gen. Store, LLC,*
  2023 U.S. Dist. LEXIS 124787 (S.D.N.Y. July 19, 2023) ................................................9, 15

*Velazquez v. Home Controls, Inc.,*
  2023 U.S. Dist. LEXIS 124514 (S.D.N.Y. July 19, 2023) ...................................10, 12, 13, 14

*Winegard v. Golftec Intellectual Prop. LLC,*
  2023 U.S. Dist. LEXIS 92840 (E.D.N.Y. May 26, 2023) ................................................10, 21

*Zappia Middle e. Const. Co. v. Emirate of Abu Dhabi,*
  215 F.3d 247 (2d Cir. 2000)................................................................................................16

**Statutes**

Americans with Disabilities Act ...................................................................................1, 6, 7, 21

The New York State Human Rights Law ......................................................................................1

New York City Human Rights Law...............................................................................................1

New York State Civil Rights Law ................................................................................................1

**Other Authorities**

Federal Rules of Civil Procedure Rule 12(b)(1) ....................................................2, 3, 16

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ........................................3, 18

*Guidance on Web Accessibility and the ADA* (March 18, 2022), *available at*
    https://www.ada.gov/resources/web-guidance/ .........................................................4

https://www.w3.org/WAI/standards-guidelines/wcag/ ...................................................4

## PRELIMINARY STATEMENT

Susan Competello ("Plaintiff") has filed seventeen (18) website accessibility lawsuits in this Court since February 1, 2024.  These boilerplate, fill-in-the-blank complaints assert claims under the Americans with Disabilities Act, the New York State Human Rights Law, the New York City Human Rights Law, and the New York State Civil Rights Law (collectively, "Disability Laws"), purportedly to eliminate access barriers to the online shopping experience for visually impaired individuals.  But in truth, these lawsuits amount to nothing more than a systematic effort to abuse the legal system in the wake of ambiguous regulatory requirements, all in a designed scheme to force quick monetary settlements from businesses like Zela International, LLC d/b/a Mode Cosmetics ("Defendant").  All that said, regardless of the purpose or motivation, the Amended Complaint is entirely without merit and should be dismissed as a matter of law.

Even accepting the allegations in the Amended Complaint as true, and assuming that Plaintiff actually visited the website at issue, https://www.modecosmetics.com/ (the "Website"), Plaintiff fails to specify how any of the purported issues with the Website alleged in the Amended Complaint violate any law, which is fatal to her claims, particularly considering there is no statute or regulation governing the standard for website accessibility for private businesses.  Plaintiff also lacks standing based on the lack of specificity and factual support in the Amended Complaint relative to any past or future injury; her claims are moot as a result of the Website's transition to a non-e-commerce platform; and she fails to state a claim upon which relief can be granted under any cognizable theory of disability discrimination.

For these reasons, among others set forth more fully below, Defendant respectfully requests that the Court dismiss the Amended Complaint in its entirety and with prejudice.

## STATEMENT OF RELEVANT FACTS

Plaintiff's allegations, summarized below, are set forth in the Amended Complaint, nearly identical to the allegations in her 17 other lawsuits,[1] and accepted as true for purposes of this motion to dismiss.  *See generally* Dkt. No. 18.  Defendant also refers the Court to the accompanying Affidavit of Christina Sukljian ("Sukljian Aff."), with exhibits, dated September 24, 2024.  Plaintiff is a "blind, visually-impaired handicapped person."  *Id*. at ¶ 19.  On May 14 and May 15, 2024, Plaintiff allegedly visited the Website and attempted to purchase the "Natural Skin ™, High Performance Hydrating Foundation – NS3" (the "Makeup") on the Website, but encountered what she refers to as "access barriers" that prevented her from completing the purchase.  *Id*. at ¶¶ 32-37.  Plaintiff maintains that, once the alleged access barriers are cured, she "intends to access to Website in the future to purchase the Natural Bodycare products offered by Defendant, as well as other vegan-friendly products once the Website is remediated."  *Id.* at ¶ 43.  Plaintiff seeks, among other things, compensatory damages, injunctive and declaratory relief, attorneys' fees, and costs.  *See generally id*.

## STANDARD OF REVIEW

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure ("FRCP"), a court may properly dismiss a claim for lack of subject matter jurisdiction "when the district court lacks that statutory or constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing FRCP 12(b)(1)).  The party seeking to establish jurisdiction bears the burden of "showing by a preponderance of the evidence that [it] exists."  *Lunney v. United* States, 319 F.3d 550, 554 (2d Cir. 2003).  "[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleading inferences favorable to the party asserting it."  *Shipping*

---

[1] The Court may take judicial notice of the other lawsuits commenced by Plaintiff and her law firm.  *See, e.g., Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.,* 969 F.2d 1384, 1388 (2d Cir. 1992).

*Fin. Servs. Corps. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). In ruling on a FRCP 12(b)(1) motion to dismiss, "[the] court may consider evidence outside the pleadings." *Makarova*, 201 F.3d at 113. "[A] plaintiff must present controverting evidence if the affidavits submitted on a 12(b)(1) motion reveal the existence of factual problems with respect to jurisdiction." *Camacho v. Vanderbilt Univ.*, 2019 U.S. Dist. LEXIS 209202, at *24 (S.D.N.Y. Dec. 4, 2019).

Under FRCP 12(b)(6), dismissal is appropriate where the complaint merely provides "labels and conclusion, and a formulaic recitation of the elements of a cause of action." *Roman v. McKoy*, 2020 U.S. Dist. LEXIS 108847, *30 (W.D.N.Y. June 22, 2020) (citing *Bel. Atl. Corp. v. Twombly*, 50 U.S. 544, 555 (2007)). Moreover, in cases where standing is challenged, the motion is properly considered under FRCP 12(b)(1), and "the standard of review is similar to that of [FRCP] 12(b)(6), except that the court 'may refer to evidence outside the pleadings . . . [and a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.'" *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. Mar. 26, 2010); *see Bernstein v. City of New York,* 621 Fed. Appx. 56, 57 n.1 (2d Cir. 2015) ("This Court has recognized that dismissals for lack of standing may be made pursuant to [FRCP] 12(b)(6).") (internal quotations omitted). "However, argumentative inferences favorable to the party asserting jurisdiction should not be drawn." *Buday v. N.Y. Yankees P'ship*, 486 F. Appx. 894, 895 (2d Cir. 2012). Where a party moves for dismissal under both FRCP 12(b)(1) and 12(b)(6), "the court should consider the Rule 12(b)(1) challenge first." *Aliev v. United States Postal Serv.*, 2020 U.S. Dist. LEXIS 73063, at *3 (W.D.N.Y. April 23, 2020).

It should be noted that claims for disability discrimination under federal, state, and local laws are generally governed by the same legal standards. *See, e.g., Sullivan v. Study.com LLC*, 2019 U.S. Dist. LEXIS 47073, at *16 (S.D.N.Y. Mar. 21, 2019).

## ARGUMENT

### I.    PLAINTIFF'S CLAIMS ARE MOOT

As a threshold matter, <u>prior</u> to Plaintiff's commencement of this action, Defendant was in the process of transitioning a non-e-commerce website, and <u>before</u> Defendant was served in this action, Defendant had completed the transition to a non-e-commerce website. *See* Sukljian Aff., ¶¶ 6-7, Ex. A.  Thus, contrary to what is alleged in the Amended Complaint (*see generally* Dkt. No. 18), Defendant does <u>not</u> offer *any* "goods or services" for sale on the Website. *See* Sukljian Aff., ¶¶ 6-8.

Moreover, even assuming *arguendo* the Website was still an e-commerce website, Defendant would not be under any legal obligation to adhere, substantially or otherwise, to the Web Content Accessibility Guidelines ("WCAG").  There is no statute or regulation governing the standard for website accessibility for private businesses under the Disability Laws, only Department of Justice ("DOJ") guidance, issued in March 2022, which notes that businesses have "flexibility" with respect to compliance. *See Guidance on Web Accessibility and the ADA* (March 18, 2022), *available at* https://www.ada.gov/resources/web-guidance/.  In fact, DOJ guidance explicitly states that "Businesses . . . can currently **choose** how they will ensure that the programs, services, and goods they provide online are accessible to people with disabilities." *Id*.  (emphasis added).  Thus, contrary to Plaintiff's allegation in the Amended Complaint suggesting that websites should be compliant with the WCAG, there is no legal obligation requiring private businesses to comply with existing technical standards, such as the WCAG.[2]  *See id.* (noting that "[e]xisting technical standards provide *helpful guidance*") (emphasis added).  Plaintiff does not (and should not) have the power to dictate a heightened standard for website accessibility,

---

[2] The WCAG is a set of standards and recommendations for online content to ensure websites are accessible for all users, including those with disabilities.  *See* https://www.w3.org/WAI/standards-guidelines/wcag/.

particularly when the DOJ has given businesses like Defendant the right to "choose" the manner by which it achieves compliance with the Disability Laws.

Nevertheless, a recent audit of the Website by PowerMapper, which is the <u>same evaluation tool</u> relied upon by Plaintiff in her Amended Complaint, confirms that the putative deficiencies identified in the Amended Complaint do not exist.  *See* Declaration of Ross M. Greenky ("Greenky Decl."), ¶¶ 5-8, Exs. 2-4.  Accordingly, even by Plaintiff's own "gold standard," there can be no dispute that the Website is accessible and, therefore, Plaintiff's claims are moot.  *See id.*

Where an "intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot."  *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (internal quotation omitted); *see also Bacon v. Walgreen Co*., 91 F. Supp. 3d 446, 451 (E.D.N.Y. 2015). An actual case or controversy must be present at all stages of litigation, *see, e.g., Genesis Healthcare Corp.*, 569 U.S. at 71, and "[a]s a general principle, courts are precluded from considering questions which, although once live, have become moot by passage of time or change in circumstances," *City of New York v. Maul*, 14 N.Y.3d 499, 507 (2010).  Where, as here, the defendant can demonstrate both that "(1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation," the case can be rendered moot and dismissed.  *Campbell v. Greisberger*, 80 F.3d 703, 706 (2d Cir. 1996); *Rizzi v. Hilton Domestic Operating Co*., 2020 U.S. Dist. LEXIS 144884, at *16 (E.D.N.Y. Aug. 11, 2020).

Notably, here, Plaintiff cannot credibly dispute whether the Website is accessible in accordance with the DOJ Guidance and Disability Laws.  Plaintiff alleges in the *Amended*

*Complaint* that she last visited the Website on May 15, 2024, which is <u>prior</u> to the date on which she filed the *original* Complaint. Dkt. No. 18, ¶ 37. Thus, Plaintiff's own allegations demonstrate that she did not visit the Website again prior to filing to original Complaint on June 10, 2024 or the Amended Complaint on September 10, 2024, and had Plaintiff done so, it would have been readily apparent that the Website transitioned to non-e-commerce and that the purported deficiencies alleged in the original Complaint and now alleged in the Amended Complaint do not exist. Even so, Defendant put Plaintiff on notice of the Website's transition to a non-e-commerce website through its motion to dismiss the original Complaint (*see* Dkt. Nos. 11-14); yet, tellingly, Plaintiff completely ignores this fact in the Amended Complaint. *See generally* Dkt. No. 18.

Because Defendant does not sell any goods or services on the Website and the Website is otherwise accessible, there is no reasonable expectation that any purported violation will exist in the future. *See* Sukljian Aff., ¶¶ 6-8; Greenky Decl., ¶¶ 5-8, Exs. 2-4. Accordingly, Plaintiff does not have "a personal stake in the outcome of the lawsuit" and her claims are moot. *See Tavarez*, 2023 U.S. Dist. LEXIS 55615, at *7-8, *12-13; *Diaz*, 2019 U.S. Dist. LEXIS 93177, at *11-12; *Genesis Healthcare*, 569 U.S. at 72; *Campbell*, 80 F.3d at 706.

## II.    PLAINTIFF LACKS STANDING

Standing is a threshold question, which must be addressed in every case. *See, e.g., Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 255 (1994). "Ensuring that standing requirements are met by each plaintiff in each lawsuit brought under the ADA enables courts to ensure that the ADA is not being abused, but rather is having its intended effect of allowing disabled persons to participate fully in society." *Access 4 All, Inc. v. Thirty E. 30th St., LLC*, 2006 U.S. Dist. LEXIS 96742, at *35-36 (S.D.N.Y. Dec. 11, 2005). To satisfy the constitutional requirements of standing, "the injury in fact, . . . must be (a) concrete and particularized, and (b) actual or imminent."

*Kreisler v. Second Ave. Diner Corp*, 731 F.3d 184, 187 (2d Cir. 2013). "Where, as here, a plaintiff seeks injunctive relief, he must also prove that the identified injury in fact presents a likelihood of future harm." *Jaquez v. Aqua Carpatica USA, Inc.*, 2021 U.S. Dist. LEXIS 157918, at *8 (S.D.N.Y. Aug. 20, 2021) (internal quotations omitted).

This Court has recognized that the Second Circuit's decision in *Calcano v. Swarovski N. America Ltd.*, 36 F.4th 68, 77 (2d Cir. 2022) "raised the bar appreciably for adequately pleading standard to seek injunctive relief in ADA cases." *Loadholt v. Oriental-Decor.Com Inc.*, 2024 U.S. Dist. LEXIS 2293, at *8 (S.D.N.Y. Jan. 4, 2024), *adopted by* 2024 U.S. Dist. LEXIS 11506 (S.D.N.Y. Jan. 23, 2024). The Second Circuit in *Calcano* made clear that the kind of "transparent cut-and-paste and fill-in-the-blank pleadings," which are pervasive in the context of website accessibility lawsuits, are insufficient to plausibly state an injury. *Calcano*, 36 F.4th at 77.

## A. Plaintiff's alleged injury is not concrete and particularized

To satisfy the requirement that a plaintiff has suffered a concrete and particularized injury, the plaintiff must demonstrate "facts sufficient to establish that [s]he has been injured by those violations[.] It is not enough to merely allege that a violation exists." *Rizzi*, 2019 U.S. Dist. LEXIS 120999 at *12, *16. "There are no injuries in fact pleaded" where "the purported injuries described lack all the requisite specificity." *Mendez v. Apple Inc.*, 2019 U.S. Dist. LEXIS 110640, at *3-4 (S.D.N.Y. Mar. 28, 2019).

The plaintiff in *Mendez* alleged multiple access barriers to Apple's website. *Id.* at *1-2. However, as here, the plaintiff in *Mendez* failed to "identify sections of the website she tried to access but could not." *Id.* at *4. Moreover, "while general barriers are listed, [plaintiff] does not allege which one of them prevented her from accessing the store." *Id.* This Court in *Mendez* noted that, "[i]f Plaintiff wanted one of Defendant's products or services at a particular date but was frustrated by Defendant's barriers, surely she could have pointed to something more specific than

what is given." *Id.* at *6.  Ultimately, in dismissing the complaint in *Mendez* for lack of standing, this Court held that "[t]here are no injuries in fact pleaded because the purported injuries described lack all the requisite specificity. *Id.* at *3-4, 9.

The decision in *Guglielmo v. Neb. Furniture Mart, Inc.* is also instructive.  2020 U.S. Dist. LEXIS 238707 (S.D.N.Y. Dec. 18, 2020).  In that case, the plaintiff alleged that he visited the defendant's website "on multiple occasions, the last occurring in December of 2019," to make a purchase, but could not determine which products were for sale due to "certain access barriers across 'many features' and 'many pages' of the Website." *Id.* at *2, 10-11.  This Court found that "while Plaintiff identifies certain barriers, he does not allege where exactly on the Website he encountered these barriers, aside from noting that the lack of embedded 'alt. text' code was particularly an issue on an unspecified section of the Website where he unsuccessfully attempted to make a purchase." *Id.* at *11.  This Court held that "[s]uch vague allegations are insufficient to establish a concrete and particularized injury for standing purposes." *Id.* at *10.

Here, the Amended Complaint identifies certain alleged deficiencies on the Website.  *See* Dkt. No. 18, ¶¶ 33-37, 39.  However, Plaintiff fails to specifically allege any connection between these alleged deficiencies and any violation of the Disability Laws, nor can she do so as there is no statute or regulation governing the standard for website accessibility for private businesses, only DOJ guidance, which, again, provides businesses with "flexibility" to "choose" the manner by which they achieve compliance with the Disability Laws.  *See* Point I, *supra*.  Therefore, the Amended Complaint falls victim to the same deficiencies highlighted in *Mendez* and *Guglielmo*. *See Mendez*, 2019 U.S. Dist. LEXIS 110640, at *6; *Guglielmo*, 2020 U.S. Dist. LEXIS 238707, at *10-11.  Plaintiff otherwise fails to identify any concrete harm that she suffered from any supposed access barriers.  *See generally* Dkt. No. 18.

For these reasons, among others, Plaintiff has failed to plausibly allege she suffered a past injury in connection with his purported effort to purchase the Makeup.

**B.  Plaintiff failed to adequately plead a real and immediate threat of future injury**

The requirement that a plaintiff allege a real and immediate threat of future injury requires a court to consider whether there is a "plausible intention or desire to return to the place but for the barriers to access." *Rizzi*, 2019 U.S. Dist. LEXIS 120999, at *20.  Courts have frequently dismissed website accessibility claims where the plaintiff failed to provide factual corroboration to demonstrate a real and immediate injury.  *See Guglielmo*, 2020 U.S. Dist. LEXIS 238707, at *13-16; *Jaquez*, 2021 U.S. Dist. LEXIS 157918, at *10-11; *Loadholt*, 2024 U.S. Dist. LEXIS 2293, at *7-9 ("Like the plaintiffs in *Calcano*, Loadholt has not provided specific factual allegations that 'nudge [his] claims across the line from conceivable to plausible.'").

**1.  A plausibility determination is appropriate at this stage**

Judicial consideration of the plausibility of Plaintiff's allegations is appropriate in the context of a motion to dismiss, notwithstanding the requirement to accept the allegations in the Amended Complaint as true.  *See Bockus v. Maple Pro, Inc.*, 850 F. App'x 48, 50 (2d Cir. 2021) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Plaintiff has filed 18 nearly identical, boilerplate complaints within the last seven months, which, in and of itself, demonstrates that her allegations are not plausible.  *See Toro v. Gen. Store, LLC*, 2023 U.S. Dist. LEXIS 124787, at *7 (S.D.N.Y. July 19, 2023) (holding that "the frequency with which Plaintiff has filed these near-identical complaints is arresting, and should not be ignored").  "[W]hen a series of 'carbon-copy complaints' have been filed, courts should take notice of 'the broader context of Plaintiffs' transparent cut-and-paste and fill-in-the-blank pleadings.'" *Id.* (quoting *Calcano*, 36 F.4th at 77).  "The fact that plaintiff is a serial filer (a fact easily gleaned

from public records) thus bears on the plausibility of [her] standing claim." *Winegard v. Golftec Intellectual Prop. LLC*, 2023 U.S. Dist. LEXIS 92840, at *8-9 (E.D.N.Y. May 26, 2023).

The courts in *Winegard* and *Velazquez* dismissed similar website accessibility lawsuits, finding that the plaintiffs, who each had filed dozens of similar "cookie-cutter complaints," lacked standing. *Winegard*, 2023 U.S. Dist. LEXIS 92840, at *8-14; *Velazquez v. Home Controls, Inc.*, 2023 U.S. Dist. LEXIS 124514, at *6-8 (S.D.N.Y. July 19, 2023). In *Winegard*, the plaintiff brought suit against a defendant for not providing captions on its online golf instruction videos. 2023 U.S. Dist. LEXIS 92840, at *1-2. In dismissing the complaint for lack of standing, the court reasoned, "To find standing on the paltry allegations here would allow any sensory-impaired person to sit down at their computer, visit 50 websites (possibly after being referred to them by their non-sensory-impaired lawyer), and bring 50 lawsuits. Standing requires more." *Id.* at *8. Similarly, in *Velazquez*, this Court determined that while the plaintiff "plausibly might have visited over one hundred defective websites over the course of several months, the likelihood that he plans to return to each one (and thus has standing in each case filed) is seemingly low." 2023 U.S. Dist. LEXIS 124514, at *7-8. "As a result, the Court reviews Plaintiff's complaint with a degree [of] skepticism that should naturally accompany serial litigants, to ensure that the complaint sufficiently alleges injuries endured or imminently threatened." *Id.* at *8. Ultimately, this Court held that the "Plaintiff's vague and boilerplate allegations fail to 'nudge [his] claims across the line from conceivable to plausible,' and have not shown that he has suffered an injury that is 'concrete and particularized[.]'" *Id.* at *8-9.

With 18 cases and counting, the range of Plaintiff's interests would have to be unusually substantial, ranging from hydration foundation to cardigans to moisturizer to herbal bath oil to tweed blazers to jewelry repair. *See Winegard*, 2023 U.S. Dist. LEXIS 92840, at *8-9 ("With 49

cases and counting, the range of his interests would have to be unusually substantial, ranging from industrial supplies to etiquette classes to robotics to freediving and spearfishing to instructions for assembling a 'Nashville Hot Chicken' kit he didn't claim to have purchased").  Here, as in *Fontanez v. Valley Lahvosh Baking Co.*, "[t]hese Mad-Libs-style complaints . . . confirm the implausibility of [Competello's] claims of injury."  2023 U.S. Dist. LEXIS 149437, at *8 (S.D.N.Y. Aug. 22, 2023) (quoting *Calcano*, 36 F.4th at 77).

### 2.  Plaintiff failed to plausibly plead an intent to return to the Website

Plaintiff fails to plausibly plead the third factor necessary to establish standing in a website accessibility action:  an intent to return to the Website in the near future.  *See, e.g., Loadholt*, 2024 U.S. Dist. LEXIS 2293 at *7-10 ("Loadholt has not satisfied the requirements of Article III standing because he offers only bare, conclusory allegations that do not allow the Court to infer he intends to return to Defendant's website.").  "Following *Calcano*, courts . . . have required specific factual allegations to establish standing, such as details about a plaintiff's past visits to a defendant's website, the reasoning behind a plaintiff's desire for a particular product, and an explanation of a plaintiff's need to purchase products from the particular website in question."  *See id.* at *10.

The Amended Complaint includes only a generic allegation that "Plaintiff intends to access the Website in the future to purchase the Natural Bodycare products offered by Defendant, as well as other vegan-friendly products once the Website is remediated."  *See* Dkt. No. 18, ¶ 43.  However, as discussed in Point I, *supra*, the Website is now a non-e-commerce website and, as such, Defendant does not conduct any online transactions through the Website.  Sukljian Aff., ¶¶ 6-8.  In other words, neither Plaintiff nor any other consumer can purchase the Makeup, "Natural Bodycare products," "vegan-friendly products," or any other product on the Website.  *See id.* at ¶ 8.  Instead, Defendant's products are only available for purchase from third-party online and brick-

and-mortar retailers.  *See id.*  This would have been readily apparent had Plaintiff (a) visited the Website at all since June 12, 2024, or (b) reviewed Defendant's motion to dismiss the original Complaint.  *See* Dkt. Nos. 11-14; Sukljian Aff., ¶ 7.  Therefore, Plaintiff's allegation that she intends to return to the Website to purchase "the Natural Bodycare products offered by Defendant, as well as other vegan-friendly products" is disingenuous and implausible.  *See Rendon v. Berry Glob. Inc.*, 2023 U.S. Dist. LEXIS 93809, at *10-11 (S.D.N.Y. May 30, 2023) (holding that plaintiffs' allegations that they suffered an injury and intended to return to the website to purchase products are implausible because the website "Defendant does not offer products or services to individuals like Plaintiffs").  Moreover, even if the Website was an e-commerce website, Plaintiff's allegations regarding her intent to return to the Website, without more, do not suffice as a matter of law to establish a *plausible* intention or desire to return but for the alleged access barriers. *See, e.g., Loadholt*, 2024 U.S. Dist. LEXIS 2293, at *7-10 ("Loadholt cannot escape the conclusion in *Calcano* that 'mere profession of an intent to return to places previously visited is not enough to establish standing for prospective relief'").

In *Velazquez*, the plaintiff did not allege how he learned of the website, whether any other websites sold similar goods, or why he will "'unequivocally return to [the website] as soon as the accessibility barriers are cured.'"  2023 U.S. Dist. LEXIS 124514, at *9.  As a result, this Court found that the pleadings did not nudge the complaint from conceivable to plausible.  *Id.*

In *Dawkins v. Schott NYC Corp.*, the plaintiff alleged that the defendant's website was inaccessible and thus in violation of the Disability Laws.  2023 U.S. Dist. LEXIS 171967, at *1-2 (E.D.N.Y. Sept. 26, 2023).  The court found that the pleadings, even with the benefit of plaintiff's affidavit, did not nudge the complaint from conceivable to plausible for several reasons.  *Id.* at *8.  The plaintiff did not provide any explanation for why he was in the market

for the particular product he sought to buy from this particular defendant or that he had searched for the product from other businesses. *Id.* Moreover, the complaint lacked any factual context to support her stated intent to return. *Id.* at *9. The plaintiff's statement of intent to return was merely stated as a conclusion of fact, which the court found to be part of a complaint composed of "vague assertions" and "bare allegations." *Id.*

In *Loadholt*, the plaintiff alleged "that he visited the website with 'the intent of browsing and potentially making a purchase of some home decor, specifically bonsai trees and wall scrolls,'" and further alleged "that he 'would still like to return to the [w]ebsite to browse and potentially purchase these products once the online store is made accessible to him." 2024 U.S. Dist. LEXIS 2293, at *8-9. This Court held that "these factual allegations are similar to the conclusory allegations at issue in *Calcano*, which did not establish an intent to return." *Id.* at *9-10 (finding that Loadholt had not, for example, "alleged specific facts regarding his interest in purchasing goods from Defendant, such as what caused his interest in bonsai trees and wall scrolls, why these particular bonsai trees and wall scrolls are unique, or why he desires to buy them from Defendant's website as opposed to others").

In *Feliz v. IHealth Labs Inc*., this Court dismissed a website accessibility lawsuit against an online seller of COVID-19 tests, ruling that the plaintiff lacked standing. 2024 U.S. Dist. LEXIS 16296, at *1-2, 8-13 (S.D.N.Y. Jan. 30, 2024). This Court held that the plaintiff failed to establish an intent to return to the Website as her allegations lacked specificity about "the reasoning behind her desire for COVID-19 tests, and an explanation of her need to purchase those tests from Defendant's website." *Id.* at *9-11 (noting that the plaintiff failed to allege "that IHealth is the only retailer that sells trustworthy COVID-19 tests, or that he has searched for similar COVID-19 tests but has been unable to find them elsewhere at a comparable price

point," or "why she prefers COVID-19 tests available from IHealth over those available from any other healthcare company or website").

And even more recently, in *Martin v. Second Story Promotions, Inc.*, this Court dismissed a website accessibility lawsuit against an online retailer of promotional products, finding the complaint was "devoid of the required non-conclusory and particularized allegations regarding Plaintiff's interest in the products or services available on the Website and Plaintiff's intent to return to the Website in the future." 2024 U.S. Dist. LEXIS 32639, at *6 (S.D.N.Y. Feb. 26, 2024). This Court noted that the plaintiffs alleged "no facts whatsoever regarding how they learned of the Website, what piqued their interest in the Website, any particular products they viewed or were interested in viewing or purchasing, whether they searched for comparable products elsewhere, or why Defendant's products or Website are preferable over comparable products or websites. *Id*. at *6-7 (citing *Calcano*, 36 F.4th at 76-77).

Here, similar to the allegations in *Velazquez, Dawkins*, *Loadholt*, *Feliz*, and *Martin*, Plaintiff claims that she tried to buy the Makeup, *see* Dkt. No. 18, ¶ 32, which is not available for sale on the Website but is available elsewhere on the Internet.[3] There are no allegations as to: (1) why Plaintiff has a particular interest in purchasing the Makeup from this Defendant, as opposed to the same Makeup available for sale on numerous other websites, (2) why Plaintiff could not find this Makeup, which, again, is not available for sale on the Website, elsewhere on the Internet, and (3) how she determined that this particular Makeup would suit her taste given the alleged defects to the Website. *See generally id.* Plaintiff's failure to include any such allegations in the Amended Complaint is fatal to her claims. *Compare* Dkt. No. 18 *with Martin*, 2024 U.S. Dist. LEXIS 32639, at *6 (S.D.N.Y. Feb. 26, 2024) (plaintiffs alleged "no facts whatsoever regarding . . . whether they

---

[3] For example, this **exact** product is available for purchase on Amazon. *See*, *e.g.*, AMAZON (https://www.amazon.com/Performance-Hydrating-Foundation-Chardonnay-Cruelty-Free/dp/B079Q9J7NW/).

searched for comparable products elsewhere, or why Defendant's products or Website are preferable over comparable products or websites"); *Feliz*, 2024 U.S. Dist. LEXIS 16296, at *8-13 (noting that the plaintiff failed to allege "that IHealth is the only retailer that sells trustworthy COVID-19 tests, or that he has searched for similar COVID-19 tests but has been unable to find them elsewhere at a comparable price point," or "why she prefers COVID-19 tests available from IHealth over those available from any other healthcare company or website"). Indeed, if Plaintiff truly wanted to purchase the Makeup, she easily could have discovered that it is available for purchase elsewhere on the Internet, including from Amazon. Further, and perhaps most notable, even if the Website was an e-commerce website, Defendant has never offered "Natural Bodycare products" for sale on the Website, contrary to what is alleged in the Amended Complaint. *See* Sukljian Aff., ¶ 3.

Plaintiff alleges she visited the Website on back-to-back days in May 2024—the last visit being less than four weeks prior to her filing this action. *See* Dkt. No. 18, ¶¶ 32, 37. Other than these two dates, Plaintiff does not mention any other dates on which she visited the Website prior to filing the Complaint or the Amended Complaint, and she does not allege that she regularly visited the Website. *See generally* Dkt. No. 18. Numerous courts have held that a visit immediately prior to filing a website accessibility lawsuit is insufficient to support a plaintiff's intent to return and, if anything, supports a finding of implausibility. *See Dawkins*, 2023 U.S. Dist. LEXIS 171967, at *9 (dismissing complaint where plaintiff alleged two visits prior to filing); *Fontanez*, 2023 U.S. Dist. LEXIS 149437, at *8 ("Fontanez visited the Website five times in 2022—twice before filing the complaint in this action (May 24 and June 2), and three more times while this case was pending (July 1, August 2, and September 30)"); *Toro*, 2023 U.S. Dist. LEXIS 124787, at *9 ("That the

first visit occurred a mere week before Plaintiff filed this action, and that the second visit occurred only three days before she filed her amended complaint, is conspicuous to say the least").

Plaintiff does not allege that she ever previously made a purchase from the Website.  *See generally* Dkt. No. 18.  Plaintiff also does not allege to have contacted Defendant at the e-mail address, physical address, or phone number that was provided on the Website on the dates that she allegedly visited.  *See generally* Dkt. No. 18; *see also* Sukljian Aff., ¶¶ 4-5.  Defendant could have readily provided Plaintiff with an accommodation or other modification, but no such request was made.  *See* Sukljian Aff., ¶ 5.

There is simply nothing pled from which the Court could reasonably infer that Plaintiff truly was in the market to buy this Makeup from this particular Defendant, let alone to infer a plausible intent to return to the Website.  *See Calcano*, 36 F.4th at 77; *Suris*, 2023 U.S. Dist. LEXIS 96603, at *5-9; *Tavarez-Vargas v. Annie's Publ'g, LLC*, 2023 U.S. Dist. LEXIS 42955 at 5-6 (S.D.N.Y. March 14, 2023).  The utter lack of context here exposes the truth that Plaintiff was not a customer in the market for the Makeup, but instead a serial litigant lacking any genuine interest in the products she substitutes throughout her boilerplate complaints.  Further, taking into consideration the broader context of the fact that Plaintiff has filed 18 virtually identical lawsuits alleging the same violations and harm, she cannot establish that she has suffered an injury or, correspondingly, that she has real and immediate threat of repeated injury.  The absence of plausible factual support warrants dismissal.  *See Fontanez*, 2023 U.S. Dist. LEXIS 149437, at *8.

**C.  Alternatively, the Court should allow discovery on the standing issue and, if necessary, hold an evidentiary hearing**

On a Rule 12(b)(1) motion, the court may resolve disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as declarations, and if necessary hold an evidentiary hearing.  *See Zappia Middle e. Const. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253

(2d Cir. 2000); *Foutnain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016 ("[T]he court may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing").

In *Moo Organic Chocolates*, the Honorable Valerie E. Caproni characterized the plaintiff's allegations as "not . . . particularly plausible," raised "significant concerns . . . with the accuracy of the allegations," and noted that she was "not required to ignore reality."  641 F. Supp. 3d 76, 81-82, n.6 (S.D.N.Y. Nov. 21, 2022).  Such skepticism led the Court to permit the defendant to take jurisdiction discovery of the plaintiff.  *Id.* at 83.  Similarly, in *Maddy v. Life Time, Inc.*, this Court granted the defendant's motion for limited jurisdictional discovery because the plaintiff's implausible allegations raised substantial questions about the plaintiff's standing.  2023 U.S. Dist. LEXIS 115503, at *24-26 (S.D.N.Y. July 5, 2023).

And even more recently, in *Mercedes v. Broadway Play Publ'g, Inc.*, this Court granted the defendant's motion for limited jurisdictional discovery.  2024 U.S. Dist. LEXIS 94508 (S.D.N.Y. May 28, 2024).  The Court reasoned that there were "grave concerns that [the plaintiff's] 'professed intent to return to the [Website] is genuine'" because, among other reasons, the plaintiff "had apparently visited the Website only twice, shortly before filing this lawsuit"; "the script was available, and at a cheaper price no less, from other, more prominent vendors"; and "the cut-and-paste nature of [the plaintiff's] Complaint."  *Id.* at *2-3.

Defendant respectfully submits that, if this Court is similarly skeptical of Plaintiff's allegations in the Amended Complaint, the Court should permit limited discovery solely on the jurisdictional issue and, if necessary, hold an evidentiary hearing to resolve the disputed jurisdictional fact issues.

### III.  PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

For many of the same reasons detailed in Parts I and II, *supra*, the Amended Complaint does not state a claim upon which relief may be granted under Rule 12(b)(6) of the FRCP.

Further, as noted above, claims for disability discrimination under federal, state, and local laws are generally governed by the same legal standards.  *See, e.g., Sullivan*, 2019 U.S. Dist. LEXIS 47073, at *16.  To that end, the court in *Rodriguez v. Bitchin' Inc.* recently dismissed a similar website accessibility lawsuit, finding that the plaintiff failed to state a disability discrimination claim under any cognizable theory, including a reasonable accommodation claim, disparate treatment claim, or disparate impact claim.  2024 N.Y. Misc. LEXIS 2043, at *4-9 (Sup. Ct. N.Y. Cnty. May 3, 2024), *appeal docketed*, Index No. 2024-03542 (1st Dep't June 6, 2024).

#### A.  Plaintiff fails to state a claim under a reasonable accommodation theory

"Notice of the alleged . . . disability is an assumed prerequisite" of a claim for failure to make a reasonable accommodation under the Disability Laws.  *Castillo v. Hudson Theatre, LLC*, 412 F. Supp. 3d 447, 451 (S.D.N.Y. 2019).  Courts have repeatedly observed that dismissal is warranted where, as here, the complaint fails to allege that the plaintiff asked for and was refused any accommodation.  *See, e.g.*, *Shaywitz v. Am. Bd. of Psychiatry & Neurology*, 848 F. Supp. 2d 460, 467 (S.D.N.Y. 2012) (finding "defendant must have adequate knowledge of the plaintiff's disability" because, "[a]fter all, a defendant can be expected to respond only to what it knows (or is chargeable with knowing)"); *Sullivan v. Bdg Media*, 71 Misc. 3d 863, 871 (Sup. Ct. N.Y. Cnty. 2021) (granting motion to dismiss where "complaint cannot establish that [defendant] refused to make necessary modifications..., or refused to take steps necessary for [plaintiff] to enjoy...content without auxiliary aids, because [plaintiff] has not alleged that he ever *requested* such steps or modifications in the first place") (emphasis in original); *Pimentel v. Citibank, N.A.*, 29 A.D.3d

141, 148 (1st Dep't 2006) ("[D]efendant cannot be held liable for failing to provide the plaintiff with an accommodation since she failed to adequately explain the extent and limits of her restrictions.").

Here, as noted above, Plaintiff does not allege to have contacted Defendant (or to have otherwise put Defendant on notice of any purported disabilities) prior to filing the original Complaint, nor did she ever do so. *See generally* Dkt. No. 1; *see also* Sukljian Aff., ¶¶ 4-5. Nor does the Amended Complaint allege that a request for an accommodation would have been futile. *See Sullivan*, 71 Misc. 3d at 872 (where no request for accommodation had been made, plaintiff must "allege[] a basis to conclude that [defendant] would refuse to make reasonable modifications"). The absence of these allegations warrants dismissal of any reasonable accommodation claim.

### B. <u>Plaintiff fails to state a claim under a disparate treatment theory</u>

In order to state a disparate treatment claim, Plaintiff is required to allege "facts that could plausibly support an inference of defendant's discriminatory motive when it allegedly denied [her] access to their website." *See Bitchin'*, 2024 N.Y. Misc. LEXIS 2043, at *5. As was the case in *Bitchin'*, the Amended Complaint fails to provide any facts that could plausibly support an inference of Defendant's discriminatory motive. 2024 N.Y. Misc. LEXIS 2043, at *5-6. As detailed in Point III(A), *supra*, Plaintiff did not request a reasonable accommodation from Defendant to allow her to access the Website or otherwise contact Defendant before filing suit. *See generally* Dkt. No. 1; *Bitchin'*, 2024 N.Y. Misc. LEXIS 2043, at *5; Sukljian Aff., ¶¶ 4-5. "In this context, where the public accommodation is a website instead of a physical public accommodation, plaintiff has not shown that defendant knew [her] visual impairment let alone discriminated on said basis." *Bitchin'*, 2024 N.Y.

Misc. LEXIS 2043, at *5.  "As such, since plaintiff cannot plead that defendant discriminated against [her] 'because of' [her] disability, [s]he cannot not properly allege injury under a disparate treatment theory."  *Id.* at *6.

Put simply, in *Bitchin'*, "the court … found plaintiff's failure request an accommodation so that she could access … [the] website dispositive as to her disparate treatment claim."  *Id.* (citing *Roberman v. Alamo Drafthouse Cinemas Holdings*, 2020 NYLJ LEXIS 215, *10 (Sup. Ct. Kings Cnty. Jan. 20, 2020)).  Therefore, Plaintiff's failure to request a reasonable accommodation is fatal to any disparate treatment claim.

### C.  Plaintiff fails to state a claim under a disparate impact theory

The alleged barriers preventing individuals with visual impairments from accessing the Website are neither a "policy" nor "practice" that can be the subject of a disparate impact claim.  *See, e.g., Bitchin'*, 2024 N.Y. Misc. LEXIS 2043, at *7.  In fact, the Website cannot be both the "the place of public accommodation" and the "policy" or "practice" in question.  *Id.* at *7-8.  The Amended Complaint fails to identify, with respect to the Website, an independent policy or practice that has a discriminatory impact on individuals with visual impairments. *Id.* at *8.  Further, Defendant's ownership and operation of the Website does not, in and of itself, subject Defendant to a disparate impact claim.  *Id.* at *8-9.  Therefore, Plaintiff fails to "adequately plead an injury arising from a 'policy' or 'practice' of defendant" necessary to maintain a disparate impact claim.  *Id.* at *9.

## IV.    PUBLIC POLICY WARRANTS DISMISSAL

"The potential for abuse of the ADA has been noted in numerous cases in districts throughout the country." *Access 4 All*, 2006 U.S. Dist. LEXIS 96742, at *34.

"Courts have . . . labeled the plaintiffs who file these lawsuits 'professional plaintiffs,' 'serial plaintiffs,' and 'professional pawns.'" *Access 4 All*, 2006 U.S. Dist. LEXIS 96742, at *34-35 (citing *Doran v. Del Taco, Inc.*, 2006 U.S. Dist. LEXIS 53551, at *15-16 (C.D. Cal. July 5, 2006)).  This kind of litigation "saps judicial resources, wastes attorneys' and litigants' time, and ultimately mocks the statute's mission." *Winegard*, 2023 U.S. Dist. LEXIS 92840, at *13-14.  "The limited resources of the federal courts need to be marshaled for resolving genuine disputes, not to provide a platform for extracting nuisance settlements that do little, if anything, to further the important goals of the ADA." *Id.*

State and federal lawmakers have proposed legislation in recent years to curb website accessibility lawsuits; however, to date, no such bill has been signed into law.  In the absence of such legislation (or regulations governing the standard for website accessibility for private businesses), it remains up to the courts to prevent what Judge Cogan in *Winegard* aptly described as a "scheme of systematic extortion, designed to harass and intimidate business owners into agreeing to cash settlements such that the means for enforcing the ADA (attorney's fees) have become more important and desirable than the end (accessibility for disabled individuals)."  2023 U.S. Dist. LEXIS 92840, at *11-12 (citing *Shayler v. 1310 PCH, LLC*, 51 F.4th 1015, 1018 (9th Cir. 2022)) ("A hallmark of abusive ADA litigation is the use of form complaints containing a multitude of boilerplate allegations of varying merit. The ability to file essentially the same complaints over and over again, combined with the hope of intimidating the defendant into an early

settlement (or of obtaining a default judgment), allows for a quick recovery of attorney's fees with relatively minimal difficulty").

Defendant respectfully urges the Court, as a matter of public policy, to stop this abusive scheme and prevent the further exploitation of the Disability Laws.

## **CONCLUSION**

For these reasons, Defendant Zela International, LLC d/b/a Mode Cosmetics respectfully requests that the Court issue an Order dismissing the Amended Complaint in its entirety, with prejudice, and granting Defendant attorneys' fees and costs as the prevailing party, together with such other and further relief as this Court deems just and proper.

Dated: September 25, 2024          **BARCLAY DAMON LLP**

By: _/s/ Ross M. Greenky _____
        Robert J. Thorpe
        Ross M. Greenky

Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202